UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GARY SWANSON,

    Defendant.
_____/

No. CR 06-0692 PJH

**ADDENDUM TO FINAL PRETRIAL ORDER**

    At the pretrial conference on November 7 and 8, 2007, the court advised the parties that it found the government's position regarding the procedure for introducing coconspirator statements under Federal Rule of Evidence ("FRE") 801(d)(2)(E) unclear, and ordered the parties to submit supplemental briefs on the issue. After reviewing the supplemental briefs, the court issued an order on November 16, 2007, which described alternatives that it was considering and set a further hearing on the issue. That hearing took place on Wednesday, November 28, 2007.

    As discussed on the record at the November 28, 2007 hearing, the court will utilize a "middle road" approach regarding introduction and admission of the government's proffered coconspirator statements. In accordance with this approach, the court will preview prior to trial a summary of the coconspirator statements to be offered by the government. Following this preview, the court will determine which statements the government will be permitted to introduce, either through the testimony of a witness or by documentary evidence. Even though the ultimate finding as to admissibility will not be made until after the trial has commenced and perhaps as late as the close of the evidence, the witnesses will be permitted to testify about coconspirator statements and documents containing such statements will be published to the jury, subject to striking should the government not be

able to meet its burden as to all requirements for admissibility. In this sense, the government's introduction of the statements which will have been previewed and approved by the court, will result in their conditional admission.

The court *may* at some point during trial, and prior to the close of the evidence, rule on whether the government has shown by a preponderance of the evidence two of the three prongs required for the admissibility of all of the proffered coconspirator statements, including that (1) the conspiracy existed when the statement was made; and (2) that the defendant had knowledge of, and participated in, the conspiracy. *United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006). The court, however, will not determine until *after* the witness testifies and/or the documentary evidence containing the particular coconspirator statement is introduced whether or not the government has shown by a preponderance of the evidence that the statement was made "in furtherance" of the conspiracy. *See id.* A coconspirator statement will NOT be unconditionally admitted into evidence until the court has determined that all three *Larson* prongs have been satisfied as to that statement.

In addition to the materials already filed by the government, as discussed on the record, the government is required to file and serve a summary of each witnesses' testimony and the coconspirator statements to be offered by each witness. The government must attach to the witnesses' summary all emails to be introduced via that witness, and must highlight the coconspirator statements contained in the emails. The government's summaries and exhibits are due **no later than Wednesday, December 19, 2007.** Defendant may file his objections, if any, **no later than Friday, December 28, 2007.** The government may file a reply, if any, **no later than Friday, January 4, 2008.** The court will rule on the matter at the January 16, 2008 pretrial conference.

**IT IS SO ORDERED.**

Dated: November 30, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

2